### JARIB G. GRAGG *vs.* JAMES MARTIN & trustees.

**An** assignment of future wages to be earned under an existing contract, if made for the
purpose of preventing them from being attached by trustee process, is void; and the fact
that it was made openly and for a good consideration is immaterial.

TRUSTEE PROCESS to recover for necessaries. The trustees dis-
closed credits of the defendant in their hands, for wages due to
him; and Tertius S. Davenport was admitted as a claimant, he
having a written order from the defendant upon the trustees for
his wages due each month from the date of the order. At the
trial in the superior court, before *Brigham*, J., the jury returned
a verdict for the plaintiff, and the claimant alleged exceptions.
The facts are stated in the opinion.

*S. O. Lamb*, for the claimant.

*S. T. Field*, for the plaintiff.

HOAR, J. The principal defendant had assigned the wages
which he expected to earn under an existing contract; and these
being afterwards attached by the trustee process, the assignee
came in as a claimant. The plaintiff alleged that the assign-
ment was fraudulent against creditors, and made for the purpose
of keeping the wages out of their reach. The claimant at the
trial asked the court to rule that " future wages to be earned
under an existing contract are not liable to an attachment; and
an assignment of such wages made openly and for a good con-
sideration is not fraudulent, although made for the purpose of
keeping them out of the reach of creditors." The court de-
clined so to rule, and to this refusal the claimant excepts.

The precise question thus presented does not seem to have

been decided in this commonwealth, though in three adjudged cases it has been held that an assignment of future wages to be earned under a subsisting contract is valid, if not fraudulent. *Emery* v. *Lawrence,* 8 Cush. 151. *Lannan* v. *Smith,* 7 Gray, 150. *Boylen* v. *Leonard,* 2 Allen, 407. In the last case cited it is said by Mr. Justice Dewey that " it would have been competent for the plaintiff in the superior court to deny that there was any adequate consideration for this assignment, or to show that the making of the assignment was fraudulent, and designed by the parties to cover the earnings of the assignor for his own use and benefit, and in fraud of his creditors;" but that was not a ground of the decision in the cause. The argument for the claimant is, that an intention to defraud is of no consequence, because no creditor could be defrauded by the assignment; that future earnings cannot be attached or taken in any manner in satisfaction of a debt, and therefore a creditor would have no interest to contest the validity of the assignment.

There would be force in this argument if the property or right of property conveyed could in no event be made available by creditors, as in the case of property exempted by law from attachment or compulsory appropriation for the discharge of debts. But at the time this trustee process was commenced, this fund was subject to attachment, but for the assignment. There was no more impossibility that creditors should be defrauded than exists in any case where the fraud intended is against subsequent creditors. They are not creditors to be defrauded when the conveyance is made. Yet if the conveyance be made with the express intent to defraud them, and the debtor afterwards contracts debts, the subsequent creditor may avoid the conveyance. *Clapp* v. *Leatherbee,* 18 Pick. 131, 138. *Parkman* v. *Welch,* 19 Pick. 231, 237. We think the *dictum* in *Boylen* v. *Leonard* a correct statement of the law.

The existence of a consideration for the conveyance or assignment, if an actual intent to defraud be established, will not make it valid. *Kimball* v. *Thompson,* 4 Cush. 441.

The fact that the assignment was made " openly," though a circumstance indicating good faith, is certainly not conclusive against other evidence of fraud.          *Exceptions overruled.*